994 F.2d 844
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Charles E. WHITE, Jr., Appellant,
v.
Wendell G. LONG, Appellee.
 No. 92-3743.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 18, 1993.
Filed: May 25, 1993.
 
 Before McMILLIAN, WOLLMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Charles E. White, Jr., appeals from the district court's[1] order granting Wendell Long summary judgment in White's 42 U.S.C. § 1983 action. We affirm.
 
 
 2
 White, an inmate at Jefferson City Correctional Center, was assigned to work in the kitchen, where Long was the food service supervisor. On November 4, 1990, while White was walking toward the stove to get something to eat, another inmate ran past him. Long, the only supervisor in the kitchen at the time, was chasing the running inmate. Long grabbed White and pushed him aside to get to the other inmate, causing White to fall on a wet and greasy floor. When he fell, White broke his kneecap. He was then taken to the hospital, where he underwent knee surgery. White claimed damages for gross negligence and reckless disregard.
 
 
 3
 Long moved for summary judgment, arguing that he was, at most, negligent. Long attached White's deposition, in which White stated that he did not know if Long intended to hurt him. White responded, arguing that he had not contributed to the incident, and thus Long's actions were intentional or reckless. He attached several affidavits from inmates attesting that White was not running or involved in the horseplay, and that they had observed Long push White or had heard other inmates ask Long why he had pushed White.
 
 
 4
 The magistrate recommended granting Long summary judgment because there was no constitutional violation, only negligence. White objected, arguing the facts demonstrated a reckless disregard of his rights. The district court adopted the magistrate judge's report over White's objections, and granted judgment for Long. White reiterates his arguments on appeal.
 
 
 5
 Negligent injury to a prisoner by prison officials is not actionable under section 1983 as a violation of either the Eighth or Fourteenth Amendment. Daniels v. Williams, 474 U.S. 327, 330-31 (1986). White did not contradict Long's showing that White's injuries resulted after Long pushed White during his chase of another inmate. White did not present any evidence supporting an inference that Long's actions constituted more than mere negligence. Thus, absent a genuine issue of material fact, summary judgment was appropriate. Fed. R. Civ. P. 56(c).
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE SCOTT O. WRIGHT, Senior United States District Judge for the Western District of Missouri, adopting the report and recommendation of The HONORABLE WILLIAM A. KNOX, United States Magistrate Judge for the Western District of Missouri